**Jackie Ray CLINE, Plaintiff–Appellant,**

v.

**George W. ROGERS, individually and in his capacity as Sheriff of McMinn County and McMinn County, Tennessee, Defendants–Appellees.**

No. 94–6399.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 5, 1995.

Decided June 25, 1996.

Judy P. McCarthy (argued), Dennis M. McCarthy (briefed), Law Office of Judy Pinkston McCarthy, Knoxville, TN, for plaintiff-appellant.

John W. Baker, Jr. (briefed), Baker, McReynolds, Byrne, Brackett, O'Kane & Shea, Knoxville, TN, Peter D. Van de Vate (briefed), Knoxville, TN, for George W. Rogers.

John W. Baker, Jr., Gerald L. Gulley, Jr. (argued), Baker, McReynolds, Byrne, Brackett, O'Kane & Shea, Knoxville, TN, for McMinn County.

Before: MERRITT, Chief Judge; BATCHELDER, Circuit Judge; DOWD, District Judge.*

BATCHELDER, Circuit Judge.

The plaintiff-appellant appeals from the district court's judgment dismissing with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6), all his claims against both defendants in this case. For the reasons that follow, we affirm.

I.

The plaintiff-appellant, Jackie Ray Cline ("Cline"), alleges that in 1992, a private citizen contacted the Sheriff's Department of McMinn County, Tennessee ("the County"), and asked Sheriff George Rogers to check Cline's arrest record. According to Cline, Rogers searched state and local records and requested a computer search of National Crime Information Center ("NCIC") records of the Federal Bureau of Investigation ("FBI"). Cline alleges that Rogers disclosed to the private citizen the information Rogers obtained regarding Cline's criminal history, in violation of both Tennessee and federal law.

Cline filed this lawsuit against Rogers, individually and in his official capacity as sheriff. Cline also named the County as a defendant, alleging that improper searches of criminal records is "a routine and customary practice in McMinn County," that the County "lacks adequate controls to ensure that access to criminal records is for authorized purposes only," that the County did not have in place an adequate system to detect misuse of criminal records, that the County had provided inadequate training to prevent such abuse, and that the County had "been indifferent to the civil rights of private citizens by allowing such abuses to continue."

Cline's complaint sought damages under 42 U.S.C. § 1983 for violation of his federal civil rights. The complaint also asserted an implied private right of action under 42 U.S.C. § 3789g. Finally, the complaint alleged "violations of State and federal common law rights to privacy." Rather than answering the complaint, the defendant County filed its motion "to dismiss the Complaint against it on the ground that the Complaint fails to state a claim upon which relief can be granted against this Defendant in that 42 U.S.C. § 3789(g) [sic] does not, as a matter of law, provide a private right of action to [Cline] to be maintained under 43 [sic] U.S.C. § 1983."

The defendant Rogers answered the complaint. Rogers apparently did not file a separate motion to dismiss. After Cline's coun-

---

\* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

sel sought and received an extension of time to respond to the County's motion to dismiss the complaint, the plaintiff filed a response. Following motions by Cline's counsel for a continuance, the district court ruled on the County's motion to dismiss the complaint. In its memorandum of opinion, the court explained that all of Cline's claims against both Sheriff Rogers and the County were dismissed with prejudice, pursuant to Fed. R.Civ.P. 12(b)(6), because Cline "undoubtedly cannot prove any set of facts consistent with his allegations which would entitle him to relief, i.e., the plaintiff is not entitled to relief despite the facts as pleaded." Further, the court held that *sua sponte* dismissal with respect to defendant Rogers was appropriate pursuant to Rule 12(b)(6) and this Court's precedent, citing *Morrison v. Tomano,* 755 F.2d 515 (6th Cir.1985). This timely appeal followed.

## II.

■ We review *de novo* the district court's dismissal for failure to state a claim upon which relief can be granted. *Taxpayers United for Assessment Cuts v. Austin,* 994 F.2d 291, 296 (6th Cir.1993). The court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993).

### A. The Federal Constitutional Claim

■ There is no violation of the United States Constitution in this case because there is no constitutional right to privacy in one's criminal record. Nondisclosure of one's criminal record is not one of those personal rights that is "fundamental" or "implicit in the concept of ordered liberty." *See Whalen v. Roe,* 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977). In *Whalen,* the Supreme Court distinguished fundamental privacy interests in "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education" and "individual interest in avoiding disclosure of personal matters," *see id.* at 599, 97 S.Ct. at 876, finding no general constitutional right to nondisclo-

sure of private data, *see id.* at 608–09, 97 S.Ct. at 881 (Stewart, J., concurring).

Moreover, one's criminal history is arguably not a private "personal matter" at all, since arrest and conviction information are matters of public record. *See Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (rejecting a similar claim based on facts more egregious than those alleged here); *see also J.P. v. DeSanti,* 653 F.2d 1080 (6th Cir.1981) (interpreting *Paul* in light of subsequent Supreme Court cases (*Whalen* and *Nixon v. Administrator,* 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977)) and holding that there is no general right to a constitutional balancing of government action against individual privacy absent personal rights that are "fundamental" or "implicit in the concept of ordered liberty"). Although there may be a dispute among the circuit courts regarding the existence and extent of an individual privacy right to nondisclosure of "personal matters," *see Slayton v. Willingham,* 726 F.2d 631 (10th Cir.1984); *Fadjo v. Coon,* 633 F.2d 1172, 1176 (5th Cir. Unit B 1981) (both opining that *Paul* has been at least partially overruled by the Supreme Court's decisions in *Whalen* and *Nixon* ), this circuit does not recognize a constitutional privacy interest in avoiding disclosure of, *e.g.,* one's criminal record. *See DeSanti,* 653 F.2d at 1090 (regarding disclosure of juvenile delinquents' "social histories"); *see also Doe v. Wigginton,* 21 F.3d 733 (6th Cir.1994) (disclosure of inmate's HIV infection did not violate constitutional right of privacy).

Because there is no privacy interest in one's criminal record that is protected by the United States Constitution, Cline could prove no set of facts that would entitle him to relief; therefore, the district court correctly dismissed this claim.

### B. State Constitutional Claim

■ The plaintiff can state no claim of a state constitutional violation in this case because Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution. *See Lee v. Ladd,* 834 S.W.2d 323 (Tenn.Ct.App.), *appeal denied,* (Tenn.1992). There, the Tennessee Court of Appeals, searching for authority to support or refute the plaintiff's claim of an implied

cause of action for violations by a local police officer of her civil rights under the Tennessee Constitution, stated:

> We have held ... that we know of no authority for the recovery of damages for a violation of the Tennessee Constitution by a state officer. *See Bennett v. Horne*, 1989 WL 86555 (No. 89–31–II, Tenn.Ct.App. ... August 2, 1989). So far as we are able to determine, the Tennessee courts have not extended the rationale of *Bivens* [*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)] to give a state cause of action against a police officer for violating a person's civil rights.

*Lee*, 834 S.W.2d at 325. Therefore, the district court properly dismissed this claim.

### C. Direct Claim for Violation of 42 U.S.C. § 3789g

**1.**

The plaintiff claims that the defendants violated enforceable privacy rights created in

1. This subsection states:
   **Research or statistical information; immunity from process; prohibition against admission as evidence or use in any proceedings**
   Except as provided by Federal law other than this chapter, no officer or employee of the Federal Government, and no recipient of assistance under the provisions of this chapter shall use or reveal any research or statistical information furnished under this chapter by any person and identifiable to any specific private person for any purpose other than the purpose for which it was obtained in accordance with this chapter. Such information and copies thereof shall be immune from legal process, and shall not, without the consent of the person furnishing such information, be admitted as evidence or used for any purpose in any action, suit, or other judicial, legislative, or administrative proceedings.
   42 U.S.C. § 3789g(a).

2. This subsection states:
   **Criminal history information; disposition and arrest data; procedures for collection, storage, dissemination, and current status; security and privacy; availability for law enforcement, criminal justice, and other lawful purposes; automated systems: review, challenge, and correction of information**
   All criminal history information collected, stored, or disseminated through support under this chapter shall contain, to the maximum extent feasible, disposition as well as arrest data where arrest data is included therein. The collection, storage, and dissemination of

him by Congress under the Justice System Improvement Act of 1979, 42 U.S.C. §§ 3701–3797 ("the Act"). Specifically, Cline claims that the defendants violated 42 U.S.C. § 3789g, which provides for confidentiality of information under the Act. That section has four subsections: § 3789g(a) prohibits the unauthorized dissemination of research or statistical information;[1] § 3789g(b) requires the Office of Justice Programs to safeguard the accuracy and security of criminal history information;[2] § 3789g(c) requires that criminal intelligence information be handled in conformity with policy standards prescribed by the Office of Justice Programs;[3] § 3789g(d) states that "[a]ny person violating the provisions of this section, or of any rule, regulation, or order issued thereunder, shall be fined not to exceed $10,000, in addition to any other penalty imposed by law."

■ The district court correctly found that the only subsection of § 3789g even arguably applicable in this case is § 3789g(b), which

such information shall take place under procedures reasonably designed to insure that all such information is kept current therein; the Office of Justice Programs shall assure that the security and privacy of all information is adequately provided for and that information shall only be used for law enforcement and criminal justice and other lawful purposes. In addition, an individual who believes that criminal history information concerning him contained in an automated system is inaccurate, incomplete, or maintained in violation of this chapter, shall, upon satisfactory verification of his identity, be entitled to review such information and to obtain a copy of it for the purpose of challenge or correction.
42 U.S.C. § 3789g(b).

3. This subsection states:
   **Criminal intelligence systems and information; prohibition against violation of privacy and constitutional rights of individuals**
   All criminal intelligence systems operating through support under this chapter shall collect, maintain, and disseminate criminal intelligence information in conformance with policy standards which are prescribed by the Office of Justice Programs and which are written to assure that the funding and operation of these systems furthers the purpose of this chapter and to assure that such systems are not utilized in violation of the privacy and constitutional rights of individuals.
   42 U.S.C. § 3789g(c).

addresses the confidentiality of criminal history information. Subsection 3789g(a) is inapplicable because that section deals with "research or statistical information." That term is not defined in the statute; however, the Department of Justice regulations define the term to mean "any information which is collected during the conduct of a research or statistical project and which is intended to be utilized for research or statistical purposes." 28 C.F.R. § 22.2(d). "Research or statistical project" is defined as "any program, project, or component thereof which is supported in whole or in part with funds appropriated under the Act and whose purpose is to develop, measure, evaluate, or otherwise advance the state of knowledge in a particular area." 28 C.F.R. § 22.2(c). Cline's complaint does not allege that the information Sheriff Rogers allegedly disclosed to a private citizen was information about Cline that had been collected during a research or statistical project supported with funds appropriated under the Act. Subsection 3789g(a) is therefore inapplicable in this case.

■ Similarly, § 3789g(c) is inapplicable here, because that subsection deals with "criminal intelligence systems and information." Those terms also are not defined in the statute but are defined by the Justice Department's regulations. "Criminal intelligence system" means "the arrangements, equipment, facilities, and procedures used for the receipt, storage, interagency exchange or dissemination, and analysis of criminal intelligence information." 28 C.F.R. § 23.3(b)(1). "Criminal intelligence information" is defined as

data which has been evaluated to determine that it:

(i) Is relevant to the identification of and the criminal activity engaged in by an individual who or organization which is reasonably suspected of involvement in criminal activity, and

(ii) meets criminal intelligence system submission criteria[.]

28 C.F.R. § 23.3(b)(3). "Criminal activity" includes, but is not limited to, "loan sharking, drug trafficking, trafficking in stolen property, gambling, extortion, smuggling, bribery, and corruption of public officials[.]" 28

C.F.R. § 23.2. The complaint in this case does not allege facts to support a claim that the defendants improperly disclosed "criminal intelligence information" regarding the plaintiff; therefore, subsection (c) of § 3789g is inapplicable.

### 2.

■ What the plaintiff's complaint does allege is that Sheriff Rogers improperly disclosed Cline's arrest record. Arrest records fall under § 3789g(b), which addresses criminal history information. The definitions section of the statute provides that

"criminal history information" includes records and related data, contained in an automated or manual criminal justice informational system, compiled by law enforcement agencies for the purpose of identifying criminal offenders and alleged offenders and maintaining as to such persons records of arrests, the nature and disposition of criminal charges, sentencing, confinement, rehabilitation, and release[.]

42 U.S.C. § 3791(a)(9). Although Cline alleges that the defendants improperly disclosed information regarding his arrest record, Cline may not maintain a private right of action under § 3789g(b), because § 3789g(b) does not create a direct, private right of action. See *Polchowski v. Gorris*, 714 F.2d 749, 751 (7th Cir.1983). In addition, subsection (b) imposes no obligations upon these defendants; rather, the subsection mandates that the Office of Justice Programs, a federal agency, "assure that the security and privacy of all information is adequately provided for and that information shall only be used for law enforcement and criminal justice and other lawful purposes." 42 U.S.C. § 3789g(b). The subsection does entitle an individual to review and challenge inaccurate or incomplete criminal history information concerning the individual; however, Cline does not allege that the information regarding his arrest record that the defendants allegedly disclosed was inaccurate or incomplete. Even if that were the case, Cline's cause of action in that regard would be against the responsible federal agency, not state or local authorities. *See id.*

**3.**

Cline argues that he can bring a direct claim under 42 U.S.C. § 3789g(d), the penalty provision, because it makes reference to "any rule, regulation, or order issued" under the section, and the regulations of the Department of Justice prohibit the misuse of criminal history information by anyone having authorized access to such information. *See* 28 C.F.R. § 20.21(c)(2) ("No agency or individual shall confirm the existence or non-existence of criminal history record information to any person or agency that would not be eligible to receive the information itself."). However, even if, *arguendo*, the state and local authorities are considered an "agency" within the meaning of the Act, the regulations also provide: "Nothing in these regulations prevents ... a criminal justice agency ... from confirming prior criminal history record information to members of the news media *or any other person,* upon specific inquiry as to whether a named individual was arrested, detained, indicted, or whether an information or other formal charge was filed...." 28 C.F.R. § 20.20(c) (emphasis added). Again, it is noteworthy that Cline does not allege that the information Sheriff Rogers allegedly disclosed was incorrect.

Congressional intent is the touchstone of whether private enforcement of a statute is permitted. Since the late 1970s, Congress has been on notice that, if it intends to create a private right of action, it had better do so expressly in the statute. The Supreme Court, mindful of separation of powers concerns, appears to have modified the four-part analysis of *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), upon which Cline relies, in favor of an inquiry regarding congressional intent: Did Congress intend to provide a private right of action under the statute, or did Congress intend to foreclose private enforcement of the statute? The Supreme Court has been increasingly reluctant to find an implied cause of action where Congress had the opportunity to create a private right explicitly but did not do so. *See Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). *Accord Herman & MacLean v. Huddleston,* 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983) (private right of action inferred because it had been consistently recognized for more than 35 years); *Merrill Lynch, Pierce, Fenner & Smith v. Curran,* 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982) (private cause of action recognized because fact that Congress had amended the statute twice without speaking to the question led to compelling inference that Congress intended to preserve implied private remedy previously recognized).

■ In this case, the statute at issue was part of the Justice System Improvement Act, Pub.L. 96–157, enacted December 27, 1979, at the end of the very year in which the Supreme Court issued its decisions in *Cannon* and *Touche Ross,* cautioning Congress that it must make explicit its intent to provide a private right of action, else the courts would not imply one. It is an inescapable conclusion that Congress, enacting this statute soon after having been so admonished, did not intend to create a private right of action for violation of 42 U.S.C. § 3789g. Indeed, the fact that Congress created a generalized administrative scheme, complete with a penalty provision in subsection (d) and the possibility of redress against federal agencies through the Privacy Act, 5 U.S.C. § 552a, is further proof of congressional intent not to create a private right of enforcement of this statute. The district court properly dismissed Cline's direct claim under 42 U.S.C. § 3789g.

**D. Claims Under 42 U.S.C. § 1983**

In *Maine v. Thiboutot,* 448 U.S. 1, 4–6, 100 S.Ct. 2502, 2504–05, 65 L.Ed.2d 555 (1980), the Supreme Court established a § 1983 [4]

---

4. "Civil action for deprivation of rights:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any *rights,* privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

42 U.S.C. § 1983 (emphasis added).

remedy for violations of a federal statute, *see Suter v. Artist M.*, 503 U.S. 347, 356, 112 S.Ct. 1360, 1366, 118 L.Ed.2d 1 (1992) (citing *Thiboutot*), but since then has held that no such remedy exists if "(1) the statute does not create enforceable rights, privileges, or immunities within the meaning of § 1983, or (2) Congress has foreclosed such enforcement of the statute in the enactment itself." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508, 110 S.Ct. 2510, 2517, 110 L.Ed.2d 455 (1990) (internal quotation marks and brackets omitted) (quoting *Wright v. Roanoke Redevelopment & Hous. Auth.*, 479 U.S. 418, 423, 107 S.Ct. 766, 770, 93 L.Ed.2d 781 (1987)); *Wright*, 479 U.S. at 423, 107 S.Ct. at 770 (recognizing these two exceptions) (citing *Pennhurst State School & Hosp. v. Halderman*, 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981); *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, [19] 101 S.Ct. 2615, [2626] 69 L.Ed.2d 435 (1981) (declining to consider whether the acts in question created rights, privileges or immunities under § 1983 when Congress had foreclosed a § 1983 remedy under the acts)), *quoted in Suter*, 503 U.S. at 355–57, 112 S.Ct. at 1366.[5]

■■■ To determine whether the first of these two exceptions applies, the Court has developed a three part test:

(1) Was the provision in question intended to benefit the plaintiff?

(2) Does the statutory provision in question create binding obligations on the defendant governmental unit, rather than merely expressing congressional preference?

and (3) Is the interest the plaintiff asserts specific enough to be enforced judicially, rather than being "vague and amorphous"?

*Wayne v. Village of Sebring*, 36 F.3d 517, 529 (6th Cir.1994) (citing *Wilder*, 496 U.S. at 509, 110 S.Ct. at 2517), *cert. denied*, —— U.S. ——, 115 S.Ct. 2000, 131 L.Ed.2d 1001 (1995); *Wood v. Tompkins*, 33 F.3d 600, 604–05 (6th Cir.1994) (citing *Wilder*); *see also "Tony" L. ex rel. Simpson v. Childers*, 71 F.3d 1182, 1188 (6th Cir.1995) (citing *Wilder*), *cert. denied*, —— U.S. ——, 116 S.Ct. 1834, 134 L.Ed.2d 938 (1996); *Loschiavo v. City of Dearborn*, 33 F.3d 548, 551 (6th Cir. 1994) (citing *Wilder*), *cert. denied*, —— U.S. ——, 115 S.Ct. 1099, 130 L.Ed.2d 1067 (1995).[6] When a statute imposes no direct obligations on the states, and instead places "the onus of compliance with the statute's substantive provisions on the federal government," there is no § 1983 claim. *Audette v. Sullivan*, 19 F.3d 254, 256–57 (6th Cir.1994) (quoting *Stowell v. Ives*, 976 F.2d 65, 70 (1st Cir.1992)); *Clifton v. Schafer*, 969 F.2d 278, 283–85 (7th Cir.1992).

■■■ As explained *supra*, only subsection (b) of 42 U.S.C. § 3789g is potentially implicated by the allegations of this plaintiff's complaint, and that subsection imposes compliance obligations only on a federal agency, not upon these defendants. Further, the purpose of § 3789g(b) is to provide for the maintenance and accuracy of criminal history information, with a specific provision included entitling "an individual who believes that criminal history information concerning him contained in an automated system is inaccurate, incomplete, or maintained in violation" of the statute "to review such information and to obtain a copy of it for the purpose of challenge or correction." 42 U.S.C. § 3789g(b). The only privately enforceable right created by this subsection of the statute in an individual such as Cline is the right to receive a copy of criminal history information maintained pursuant to the statute for his

---

**5.** Reading only *Suter* could lead one to believe a § 1983 action is unavailable as a remedy for a violation of a federal statute only "where Congress has foreclosed such enforcement of the statute in the enactment itself *and* where the statute did not create enforceable rights, privileges or immunities[,]" 503 U.S. at 355–56, 112 S.Ct. at 1366 (emphasis added) (quoting *Wright*), *i.e.*, only where both conditions are met. *Wilder*, *Wright*, and *Middlesex County* reveal that such a belief would be mistaken. The presence of either exception does away with a § 1983 claim.

**6.** A plaintiff bears the burden of proving that the first exception does not apply, while a defendant bears the burden of proving that the second exception does apply. *Wayne*, 36 F.3d at 529 (citing *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 106, 107, 110 S.Ct. 444, 448, 449, 107 L.Ed.2d 420 (1989)); *Wood*, 33 F.3d at 605 (citing *Golden State Transit*).

review and possible correction in the event of erroneous information. Title 42 U.S.C. § 3789g does not provide a privately-enforceable federal right to nondisclosure of accurate criminal history information; therefore, Cline's § 1983 claims fail. Rather than creating a federal right which may be privately enforced either directly under the statute or through an action under § 1983, Congress created an administrative scheme intended to assure that criminal history information, criminal intelligence information, and research and statistical information be used only for the purposes for which it was collected. The remedy for violations is provided by the statute itself, *see* 42 U.S.C. § 3789g(d), and, with respect to federal agencies, by the Privacy Act of 1974, 5 U.S.C. § 552a(a)(1). The provision of these remedies is further proof that Congress intended to foreclose private enforcement of § 3789g. *See Polchowski*, 714 F.2d at 752. The district court properly dismissed Cline's § 1983 claims.

### III.

■ Finally, Cline argues that the district court was too hasty in dismissing his complaint because "[v]ery little discovery had been undertaken at the time," the district court assumed that only subsection (b) of § 3789g applied in this case, and Cline might have discovered that the defendants had actually violated another subsection, or that "a contract existed between the Defendants and the FBI—the agency that controls the NCIC data base—and that he may have a cause of action under a contract theory." Of course, Cline's complaint does not make such allegations, and he appears to have made no effort to amend it. Although "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *see Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), it is "not proper to assume the [plaintiff could] prove facts [he] had not alleged or that the defendants had violated applicable laws in ways that had not been alleged." *Associated Gen. Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983); *Quality*

*Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp.*, 711 F.2d 989, 995 (11th Cir.1983); *Brennan v. Chestnut*, 777 F.Supp. 1469, 1472–73 (D.Minn. 1991), *aff'd*, 973 F.2d 644 (8th Cir.1992).

■ Moreover, although Cline argues that the district court's dismissal of his complaint was "premature" and that he should have been afforded the benefit of oral argument on the motion to dismiss, it was not an abuse of the district court's discretion to dismiss the complaint under Rule 12(b)(6) without first hearing oral argument. *See Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994); Fed.R.Civ.P. 78.

### IV.

Because the plaintiff in this case can prove no set of facts, consistent with his pleadings, that would entitle him to relief on any of his claims, the district court did not err in dismissing with prejudice the entire complaint against both defendants. The district court's judgment is **AFFIRMED**.