## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 98-10447
_____

### AARON LOTT, JR.,

                                        Plaintiff - Appellant,

versus

### CITY OF LUBBOCK, TX; BOB CASS, Individually; KEN WALKER,
### Individually; C. POWE, Individually; TOM MANN, Individually,

                                        Defendants - Appellees.

_____

### Appeal from the United States District Court
### for the Northern District of Texas
### (5:97-CV-259)
_____

June 18, 1999

Before GARWOOD, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    The linchpin to this appeal by Aaron Lott, a former City of Lubbock employee, from an adverse summary judgment in his civil rights action involving the City's investigation, on hiring him, of his criminal records is whether, in the light of Lott's consent to obtaining such records, he has waived his claim to a constitutional right of privacy in a public criminal record. Concluding that he has, we **AFFIRM**.

                            I.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The City hired Lott as a senior programming analyst in May 1996. This position required use of the City police department computer system and the Texas Law Enforcement Telecommunications System (TLETS).

Just after Lott began work, the City police department investigated Lott in order to authorize his access to the TLETS system. Lott completed a personal history information sheet, which asked:

> Have you ever been arrested, charged with a criminal offense, questioned as a possible suspect in a criminal investigation or otherwise detained by the police for any reason other than a traffic violation?

Lott checked "No" and listed "N/A" in the 12 blanks that followed.

The form also included an authorization for the release of extensive background information, which Lott signed:

> I hereby request and authorize you to furnish the LUBBOCK POLICE DEPARTMENT with any and all information they may request concerning [, among other records,] my ... criminal record .... This authorization is specifically intended to include any and all information of a confidential or privileged nature as well as photocopies of such documents if requested.

The police department obtained Lott's FBI identification record, which indicated a 1974 Kansas conviction and fine for possession of marijuana and a 1975 Colorado felony charge for sale of narcotics (the record did not indicate the removal of the charge after deferred adjudication).

After the police department investiated the conflicts between Lott's statements and the records, he was suspended for five days for dishonesty. And, he was not authorized to use TLETS. The City

Manager upheld the suspension after a grievance hearing in June 1997. That same month, Lott was terminated for unrelated reasons.

In this action, claims were raised pursuant to 42 U.S.C. § 1983 and state law against the City, the City Manager, and police department members who conducted the investigation. Under § 1983, Lott claimed a constitutional right to privacy in his criminal record and a violation of the procedure specified under 28 C.F.R. § 50.12, which requires that information obtained through FBI records and used against an applicant be presented to the applicant to review and correct.

Summary judgment was granted for the defendants, on the basis that 28 C.F.R. § 50.12 creates no private right of action. Lott's state law claims were implicitly dismissed for lack of jurisdiction.

## II.

Lott does not question the rejection of a private right of action under 28 C.F.R. § 50.12. Nor does he cite, much less rely on, § 50.12, or the procedure required by it, in claiming error.

Instead, citing **Woodland v. City of Houston**, 940 F.2d 134 (5th Cir. 1991), and **Plante v. Gonzalez**, 575 F.2d 1119 (5th Cir. 1978), Lott asserts that "[t]he District Court should have performed the [constitutional] balancing test and determined as a matter of law whether the government's compelling interest in the information it obtained overcame [Lott's] reasonable expectation of privacy". Lott does not, however, respond to Appellees' alternative point that his signed authorization waived this claimed privacy right.

We review a summary judgment *de novo*, applying the same standard as the district court. *E.g.*, **OHM Remediation Services v. Evans Cooperage Co., Inc.**, 116 F.3d 1574, 1579 (5th Cir. 1997). Such judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c).

Several of our sister circuits have held that criminal histories are matters of public record in which no constitutional privacy interests exist. *See* **Scheetz v. The Morning Call, Inc.**, 946 F.2d 202, 207 (3rd Cir. 1991), *cert. denied*, 502 U.S. 1095 (1992) ("the information contained in a police report is not protected by the confidentiality branch of the constitutional right of privacy"); **Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia**, 812 F.2d 105, 117 (3rd Cir. 1987) ("because arrests are by definition public, and because it is unlikely that anyone could have a reasonable expectation that an arrest will remain private information, we hold that arrest records are not entitled to privacy protection and we need not engage in the balancing analysis"); **Cline v. Rogers**, 87 F.3d 176, 179 (6th Cir.), *cert. denied*, 519 U.S. 1008 (1996) ("there is no privacy interest in one's criminal record that is protected by the United States Constitution"); **Eagle v. Morgan**, 88 F.3d 620, 628 (8th Cir. 1996) ("the type of information contained within ... criminal history files is not the sort of data over which an individual can successfully assert a right to privacy"); **Nilson v. Layton City**, 45 F.3d 369, 372 (10th Cir. 1995)("Information readily available to

the public is not protected by the constitutional right to privacy. Consequently, government disclosures of arrest records, judicial proceedings, and information contained in police reports do not implicate the right to privacy.") (citations omitted). *Accord White v. Thomas*, 660 F.2d 680, 686 (5th Cir. 1981), *cert. denied*, 455 U.S. 1027 (1982) ("Any rights that might have grown out of an expungement order ... are not ... privacy rights entitled to constitutional protection").

But, it is more than well-established that we do not address a constitutional issue if the case can be resolved on another basis. *E.g.*, *ACORN v. Edwards,* 81 F.3d 1387, 1390 (5th Cir. 1996). That is the situation at hand.

Although Appellees raised the waiver issue in district court as a basis for summary judgment, and Lott responded to it, the court did not address it. Of course, we can uphold a summary judgment on a point not addressed by the district court, so long as the point was raised as part of the summary judgment record. *E.g.,* *United States v. Early,* 27 F.3d 140, 142 (5th Cir. 1994).

Appellees reassert the waiver point here; but, unlike in district court, Lott does not respond. In short, any claimed privacy interest was waived by his signing the authorization form. Summary judgment was proper.

### III.

For the foregoing reasons, the judgment is

*AFFIRMED.*