**Roger Anthony BROWN,**
**Plaintiff–Appellant,**

v.

**James MORGAN, Warden, et al.,**
**Defendants–Appellees.**

**No. 00–6151.**

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 2001.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

### ORDER

Roger Anthony Brown moves for the appointment of counsel and appeals a district court judgment dismissing his civil rights action, filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

While a Kentucky state prisoner, Brown filed this action for monetary and injunctive relief against several employees of the Kentucky Department of Corrections, alleging a denial of access to the courts. Brown alleged that, because he was confined in administrative segregation and unable to do legal research, he missed a deadline for filing an appeal in the state courts from the denial of his post-conviction action. The district court initially dismissed the complaint as frivolous because it appeared that it was barred by the statute of limitations, as the events complained of took place in November, 1996, and the complaint was not filed until December, 1998. Brown appealed, and this court vacated and remanded the matter in order to determine whether tolling while administrative remedies were exhausted would render the complaint timely. *Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir.2000). On remand, defendants moved for dismissal, documenting that Brown had exhausted his administrative remedies regarding this matter by January, 1997. The district court granted the motion to dismiss, finding the complaint barred by the statute of limitations. On appeal, Brown argues only that he was denied access to the courts while in segregation. He does not address the issue of the statute of limitations.

Upon review, we conclude that this complaint was properly dismissed for failure to state a claim, as it was apparent that Brown could prove no facts which would entitle him to the relief requested. *See Cline v. Rogers,* 87 F.3d 176, 179 (6th Cir.1996).

██ The statute of limitations for filing civil rights actions in Kentucky is one year. *Collard v. Kentucky Bd. of Nursing,* 896 F.2d 179, 182 (6th Cir.1990). In this case, Brown exhausted his administrative remedies regarding his claim in January, 1997, but did not file this complaint until December, 1998. Therefore, it is apparent that the action was barred by the statute of limitations. Moreover, Brown has failed to even argue in his brief on appeal that his action was not barred, and has therefore abandoned the issue. *See Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, the motion for counsel is denied and the district court's judgment is

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.