**Dale G. BECKER, Plaintiff–Appellant,**

v.

**Betty MONTGOMERY, et al.,**
**Defendants–Appellees.**

No. 99–4190.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2002.

Before KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

### ORDER

This pro se Ohio state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking twelve million dollars in damages and injunctive relief, Dale G. Becker sued the Ohio Attorney General (Betty Montgomery), two former wardens and the current warden at Ohio's Chillicothe Correctional Institution (Fred McAninch, Gary Mohr, and Michael Randall), and seven employees of that institution (Mal Payne, Kay Carneine, L.C. Coval, Ernie Moore, Bobbie McKeever, Danny Pfeifer, and Kenneth G. Eberts) in their official and individual capacities. Becker claimed that he has been exposed to second-hand cigarette smoke (or environmental tobacco smoke—"ETS") while incarcerated at the Chillicothe Correctional Institution.

The district court dismissed the complaint because Becker failed to exhaust his prison administrative remedies and because the complaint failed to state a claim for relief against any named defendant. Becker appealed. Initially, Becker's appeal was dismissed for want of jurisdiction. Thereafter, however, the Supreme Court reversed the court's judgment and remanded the case, whereupon this court recalled mandate, vacated the order dismissing the appeal, and reinstated the appeal to the active docket.

In his timely appeal, Becker argues that he has exhausted available prison administrative remedies, and he essentially reasserts the claims set forth in the district court.

■ Initially, we note that Becker's claims concerned events and prison officials at the Chillicothe Correctional Institution. Becker has been transferred to the Ross Correctional Institution. A prisoner's request for injunctive and declaratory relief from corrections officials is moot upon his transfer to a different facility. *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996). Thus, to the extent that Becker's request for injunctive relief concerns incidents that did not occur at his current facility, the request is not reviewable, as it is now moot.

■ In addition, upon review we conclude that Becker has not met his burden of showing that he has exhausted his administrative remedies. Becker contends that he has exhausted his administrative remedies and attached as exhibits several grievance letters he has written to the Inspector at the Chillicothe Correctional Institution regarding whether he was on a list for a non-smoking dorm. However, all but one of those letters was sent to the

inspector more than two years before Becker filed his complaint in the district court. The applicable statute of limitations in Ohio is two years. *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir.1989) (en banc). The only grievance letter within the relevant two-year period requested information regarding the criteria for getting into the non-smoking dorm. The response to that letter indicated that the prison should put together a set of rules for the non-smoking dorm. The record does not reveal that Becker appealed from this disposition of his grievance. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust his available administrative remedies before filing a § 1983 action in federal court, *see Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *See id.* at 1104. To establish that he has exhausted his remedies prior to filing suit, a prisoner should attach to his § 1983 complaint, if available to him, any decision demonstrating the administrative disposition of his claims. *See Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999).

An administrative remedy was available to Becker, *see* Ohio Administrative Code § 5120–9–31(H)(8), and he has offered nothing to demonstrate that he exhausted his available administrative remedy, or that he was precluded from exhausting it. Becker must pursue all levels of administrative review to fully exhaust his claim and he cannot claim exhaustion when he abandoned this process before its completion. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). He has not attached to his complaint any decision demonstrating the administrative disposition of his claim. Therefore, Becker has not met his burden of showing that he exhausted available administrative remedies, or that

he was precluded from exhausting such remedies.

■ Even though Becker has not fully exhausted an available state remedy, his complaint need not be remanded to the district court for dismissal without prejudice. In the event that a claim is, on its face, frivolous or fails to state a claim upon which relief can be granted, the court may dismiss the underlying claim, as the district court did, without first requiring the exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(c)(2). *Brown,* 139 F.3d at 1103.

This court reviews de novo a judgment dismissing a suit as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Both sections 1915A and 1915(e) require district courts to screen cases at the moment of filing and to sua sponte dismiss those that are frivolous or fail to state a claim for relief. *See id.* at 612. In determining whether Becker's complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether Becker undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir. 1998). The district court may dismiss a complaint for failure to state a claim upon which relief may be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000).

Becker can prove no set of facts in support of his claims that would entitle him to relief for two reasons. First,

Becker's complaint does not allege the dates on which he was exposed to ETS. The complaint also fails to allege with any particularity the conduct of each individual defendant that would demonstrate that the defendant acted to intentionally expose Becker to ETS. It is improper to assume that a plaintiff could prove facts not alleged in the complaint or to assume a defendant violated laws in ways not alleged. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir.1996). Indeed, when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir.1988).

Secondly, Becker's Eighth Amendment claim is meritless. An Eighth Amendment claim contains both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298–302, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). To state a viable Eighth Amendment claim the plaintiff must allege facts sufficient to satisfy both of those components. Where the claim is that the officials have failed to prevent harm—the kind of claim Becker is making here—the prisoner must allege an objective harm, *i.e.*, that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In the context of a claim that second-hand smoke poses a substantial risk, the prisoner must allege that he was exposed to unreasonably high levels of ETS. *Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). The prisoner must also allege facts demonstrating the subjective component of his Eighth Amendment claim. Here, Becker must allege facts showing that the defendants were deliberately indifferent to an excessive risk of harm, of which they were aware. *Farmer*, 511 U.S. at 837.

The district court properly dismissed Becker's complaint pursuant to the provisions of § 1915A. Even if Becker might be able to plead facts sufficient to satisfy the objective component, which this complaint wholly fails to do, the complaint itself demonstrates that Becker cannot plead facts that will satisfy the subjective component of an Eighth Amendment claim. The history of complaints and grievances attached to Becker's complaint and specifically referred to by the complaint demonstrates that the prison officials have transferred him from a facility that he considers smoke-filled, and that the officials have instituted a no-smoking policy that they are in fact attempting to enforce with appropriate disciplinary sanctions imposed upon prisoners who violate that policy. *See Helling*, 509 U.S. at 36 (noting that the adoption of a no-smoking policy will have heavy bearing on the inquiry into deliberate indifference). Becker therefore cannot prove facts that would support his claim that the prison officials have demonstrated deliberate indifference to a serious risk to his health.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.