Darryl Wade RISER, Plaintiff–
Appellant,

v.

FRANKLIN COUNTY COURT OF
COMMON PLEAS, SMALL CLAIMS
DIVISION; Clerk of the Court, Tenth
District Court of Appeals; Court of
Appeals Tenth Appellate District; Su-
preme Court of Ohio; US Bankruptcy
Court; US Bankruptcy Appellate Pan-
el 6th Circuit; United States District
Court for the Southern District Ohio
Eastern Division; Clerk of Courts,
Court of Common Pleas; Clerk of
Courts, Small Claims Division; Clerk
of Courts, Tenth District Court of Ap-
peals; Clerk of Courts, Tenth Appel-
late District; Clerk of Courts; Clerk
of Courts, Supreme Court of Ohio;
Clerk of Courts, United States Bank-
ruptcy Court, Clerk of Courts, Bank-
ruptcy Appellate Panel for the 6th

Circuit; Clerk of Courts, United States District Court for the Southern District of Ohio Eastern Division, Defendants–Appellees.

No. 02–4309.

United States Court of Appeals, Sixth Circuit.

July 30, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and JORDAN, District Judge.*

*ORDER*

Darryl Wade Riser appeals pro se from a district court judgment that dismissed his civil rights action, filed under 42 U.S.C. §§ 1981, 1983 and 1985, as well as the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674(a). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Riser sued several courts and their clerks, primarily alleging that the defendants did not provide adequate assistance to pro se litigants and that they discriminated against persons based on their race. The district court dismissed the case on October 17, 2002. It is from this judgment that Riser now appeals, moving to strike the appellees' brief as untimely filed.

We review the dismissal of this case de novo. *See Cline v. Rogers,* 87 F.3d 176, 179 (6th Cir.1996). Dismissal was appropriate here because Riser did not allege a cognizable claim. *See* Fed.R.Civ.P. 12(b)(6).

The district court properly found that Riser's claims were barred by the *Rooker–Feldman* doctrine because he sought to relitigate his prior state court actions, even though his intent to do so was veiled by nominal allegations of constitutional violations. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The court also properly ruled that defendants were protected by sovereign and quasi-judicial immunity. *See Foster v. Walsh,* 864 F.2d 416, 417–18 (6th Cir.1988). In addition, the court properly held that Riser's claims were barred by the doctrine of res judicata, as he had filed a prior action based on essentially the same facts. *See J.Z.G. Resources, Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir.1996). Finally, the district court properly found that Riser had not exhausted the administrative remedies that were available to him under the FTCA. *See* 28 U.S.C. § 2675(a).

We have considered Riser's arguments to the contrary and they are all unavailing. The district court did not abuse its discretion by declining to hold an evidentiary hearing, as the existing record was adequate to resolve his claims. *See Cline,* 87 F.3d at 184. Moreover, Riser's conclusory assertions of judicial bias are wholly unpersuasive. *See United States v. Sammons,* 918 F.2d 592, 599 (6th Cir.1990).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.