**Eric E. BREGE, Plaintiff/Counter–Defendant,**

v.

**LAKES SHIPPING COMPANY, INCORPORATED and Interlake Steamship Company, Defendants/Counter–Plaintiffs.**

No. 04–10051–BC.

United States District Court, E.D. Michigan, Northern Division.

Dec. 29, 2004.

---

David J. Berg, Latti & Anderson, Boston, MA, John M. Morosi, Seward, Tally, Bay City, MI, for Plaintiff.

Thomas W. Baker, Jeffrey A. Healy, Tucker, Ellis, Jason P. Tunney, Arter & Hadden, Cleveland, OH, for Defendants/Claimants.

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

LAWSON, District Judge.

In this action by a seaman to recover damages for personal injuries under the Jones Act, 46 U.S.C. § 688, and general maritime law, the defendants have filed a counterclaim to recover overpayments to the plaintiff, which they made under their common-law obligation of maintenance and cure. The plaintiff views this counterclaim as sounding in fraud and has filed a motion to dismiss it on the grounds that the averments of fraud lack the specificity required by Federal Rule of Civil Procedure 9(b). The defendants oppose the motion contending that they are seeking recovery based not on fraud but on a theory of unjust enrichment, and alternatively they request leave to amend their pleading if the Court finds a defect.

The plaintiff alleges that he was injured on October 29, 2002 while he was employed by defendant Interlake Steamship Company as a member of the crew of the *S/S Kaye E. Barker*. He filed a complaint seeking damages for his injuries and recovery of maintenance and cure that he alleges has been withheld.

The defendants have filed an answer and counterclaim in which they allege that they have paid maintenance and cure to the plaintiff under their general maritime obligation and also pursuant to a collective bargaining agreement. They contend further that the plaintiff reached maximum medical improve-

ment, but payments continued because the plaintiff misrepresented his physical condition. The counterclaim states:

8. Upon information and belief, Plaintiff misrepresented his medical condition to Interlake, and to his treating physicians, by systematically and methodically asserting ongoing subjective complaints of knee pain while working, and being compensated for, active and physically demanding non-maritime employment.

. . .

10. Interlake paid said money to the Plaintiff, in reliance on Plaintiff's misrepresentations as to his medical condition, and as to his subsequent employment and physical condition.

11. By reason of his continuing misrepresentation, Plaintiff has been unjustly enriched and Interlake correspondingly damaged, in that Interlake has continued to provide maintenance and cure, though Plaintiff has reached "fit for duty" status, and has reached maximum medical cure.

Countercompl. at ¶¶ 8, 10–11.

Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure. Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). When deciding a motion under that rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). "A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid.* "In practice, 'a … complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theo-

ry.'" *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). *See also Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir.) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review), *cert. denied*, 484 U.S. 945, 108 S.Ct. 333, 98 L.Ed.2d 360 (1987). Where the plaintiff offers multiple factual scenarios for a particular claim, only one need be sufficient. *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 494 (6th Cir.1995).

■ The gravamen of the defendants' counterclaim is that they paid more than they were legally bound to pay the plaintiff for maintenance and cure, and they want their money back. The Sixth Circuit has explained that "[m]aintenance is a subsistence allowance designed to provide the seaman with compensation sufficient to pay for his food and lodging until the time of maximum cure. Cure is the employer's obligation to pay for medical expenses for an injured seaman." *Huss v. King Co., Inc.*, 338 F.3d 647, 650 n. 3 (6th Cir.2003). Maintenance and cure is a broad duty imposed on shipowners regardless of fault. *Stevens v. McGinnis, Inc.*, 82 F.3d 1353, 1356 (6th Cir.1996). This obligation does not last indefinitely, but rather it "continues until the seaman is cured or, if there is permanent impairment, until he reaches the point of maximum medical recovery." *Huss*, 338 F.3d at 650 n. 3. If a shipowner pays a seaman more than required for maintenance and cure, he may recover the overpayment by means of a set-off against other damages, *id.* at 651–52, or through a counterclaim. *See Bergeria v. Marine Carriers, Inc.*, 341 F.Supp. 1153, 1154–56 (E.D.Pa.1972).

■ The plaintiff does not quarrel with these propositions, but instead contends that the defendant's theory of recovery is based on fraud and misrepresentation. He insists that the defendants have not complied with the specificity requirements of pleading fraud under Federal Rule of Civil Procedure 9(b). That rule requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with

particularity." Fed.R.Civ.P. 9(b). "The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,* 176 F.3d 315, 322 (6th Cir.1999) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 679 (6th Cir.1988)). To satisfy the requirements of Rule 9(b), a party must " 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the [the other party]; and the injury resulting from the fraud.' " *Coffey v. Foamex L.P.,* 2 F.3d 157, 161–62 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.,* 814 F.Supp. 1375, 1385 (W.D.Mich.1992)); *see also Vild v. Visconsi,* 956 F.2d 560, 567 (6th Cir.1992). A party's allegations must satisfy Rule 9(b)'s particularity requirement with regard to each element of the claim of fraud and with regard to each defendant against whom fraud is alleged. *See Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.,* 940 F.Supp. 1101, 1114 (W.D.Mich.1996).

In this case, the defendants profess to advance such a counterclaim based on the theory of unjust enrichment, and therefore they argue that they need not comply with Rule 9(b). "The doctrine of unjust enrichment provides an equitable remedy imposed to prevent injustice." *Andersons, Inc. v. Consol, Inc.,* 348 F.3d 496, 502 (6th Cir.2003) (internal quotes omitted) (construing Ohio law). A properly pleaded claim for unjust enrichment must include allegations that "(1) the plaintiff conferred a benefit upon the defendant; (2) the defendant knew of such benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment." *Id.* at 501 (internal quotes omitted).

■ It plainly appears that the defendants indeed are relying on an unjust enrichment theory against the plaintiff, and that they have pleaded the requisite elements of such a claim, but that does not exempt them from Rule 9(b)'s requirements. It matters not whether a claim is grounded in fraud or some other legal theory. Rather, if an allegation in a pleading contains "an averment of fraud," whether as part of a fraud claim or an element of a non-fraud claim, the "aver-

ment of fraud" must be stated with the requisite particularity. That precept was well stated by the court in *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097 (9th Cir.2003):

[A]pplication of Rule 9(b)'s heightened pleading requirements only to "averments" of fraud supporting a claim rather than to the claim as a whole not only comports with the text of the rule; it also comports with the rule's purpose of protecting a defendant from reputational harm. As we stated in *In re Stac,* "Rule 9(b) serves to … protect professionals from the harm that comes from being subject to fraud charges." 89 F.3d [1399] at 1405 [(9th Cir.1996)]. *See also Ross v. Bolton,* 904 F.2d 819, 823 (2d Cir.1990) (Rule 9(b)'s heightened pleading requirement "safeguards defendant's reputation and goodwill from improvident charges of wrongdoing"). Fraud allegations may damage a defendant's reputation regardless of the cause of action in which they appear, and they are therefore properly subject to Rule 9(b) in every case. To require that non-fraud allegations be stated with particularity merely because they appear in a complaint alongside fraud averments, however, serves no similar reputation-preserving function, and would impose a burden on plaintiffs not contemplated by the notice pleading requirements of Rule 8(a).

*Id.* at 1104.

■ In this case, the defendants have alleged in their counterclaim that the plaintiff has engaged in a fraudulent scheme to cause them to continue paying maintenance and cure and that they relied on the plaintiff's false representations when they did so. However, the counterclaim contains no allegation of the time, place, and content of the alleged misrepresentation. The Court concludes, therefore, that the defendants have not complied with Rule 9(b)'s requirements.

■ The defendants have included in their answer to the plaintiff's motion a request to amend their counterclaim. The general rule is that leave to amend is "freely given when justice so requires." *Keweenaw Bay Indian Cmty. v. State of Michigan,* 11 F.3d 1341, 1348 (6th Cir.1993) (quoting Fed.R.Civ.P. 15(a)). That rule applies especially when a

complaint does not allege fraud with particularity. *See Morse v. McWhorter,* 290 F.3d 795, 799–800 (6th Cir.2002). The Court believes that an amendment to cure the defect in this case is appropriate.

Accordingly, it is **ORDERED** that the plaintiff's motion to dismiss the counterclaim [dkt. # 8] is **GRANTED IN PART AND DENIED IN PART.**

It is further **ORDERED** that the defendants may have leave to amend their counterclaim to comply with the requirements of Rule 9(b), and they shall file an amended counterclaim on of before **January 24, 2005.**

It is further **ORDERED** that if an amended counterclaim is not filed within the time provided, the counterclaim shall be dismissed.